IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00244-MR

| | |
|---|---|
| ANDREW TAB KILPATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JACOB DARRELL ANDERSON, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.   BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Cherokee County Detention Center.[1] The Complaint addresses an excessive force incident that allegedly occurred while he was at liberty in Cherokee County, as well as claims of false arrest, false imprisonment, and excessive bond with regard to several Cherokee County criminal cases.[2] He names as Defendants: Jacob Darrell Anderson,

---

[1] It appears that the Plaintiff is now out of custody.

[2] It is unclear whether the excessive force incident and criminal cases are related.

the owner/operator of Regional Disposal; the Cherokee County Sheriff's Office (CCSO); Caleb Stiles, a CCSO investigator; and Derrick Palmer, the Cherokee County Sheriff. The Plaintiff claims that he has suffered physical and emotional injuries as a result of the Defendants' actions. As relief, he seeks damages, and the alteration of the bonds or dismissal of Cherokee County Superior Court Case Nos. 21CRS1025, 21CRS1026, 21CRS1027, 21CRS1028, and 20CRS050848.

## II.     STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

2

Case 1:21-cv-00244-MR     Document 12     Filed 02/28/22     Page 2 of 10

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

The Plaintiff names as a Defendant Jacob Anderson, who appears to be a private business owner. He claims that Mr. Anderson was "acting in conjunction with the Cherokee County Sheriff's Department" when he used excessive force by physically attacking the Plaintiff at a Dollar General Store.

[Doc. 1 at 3]. It appears that law enforcement officers were not present at the time of the incident, and that they arrived on the scene after the alleged use of excessive force. [Id. at 3-4]. There is no plausible allegation made in the Complaint that Mr. Anderson is a state actor or has a sufficiently close relationship with government actors such that the Court could conclude that he engaged in the government's actions. Accordingly, the claim against Defendant Anderson for the use of excessive force is dismissed without prejudice.

The Plaintiff also names as Defendants the CCSO and Sheriff Palmer. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Plaintiff makes no allegations of personal participation by Defendant Palmer; rather, he appears to rely on a theory of respondeat superior. The Court will, therefore, dismiss Defendant Palmer from this action.[3]

---

[3] To the extent that the Plaintiff attempts to assert claims against Sheriff Palmer in his official capacity, they are, in essence claims against CCSO itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985).

As to CCSO, local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690; see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). The Plaintiff has failed to identify any CCSO policy or custom under which his rights were allegedly violated. Nor has he alleged any facts that would plausibly establish that his alleged injury was the result of any deficient CCSO policy or custom. The allegations fail to support a plausible Monell claim, and accordingly, the claims against CCSO are dismissed.

The Plaintiff claims that Defendant Stiles fabricated probable cause for his arrest on November 3, 2020, which led a grand jury to indict him in Cherokee County Superior Court Case Nos. 21CRS1025, 21CRS1026, 21CRS1027, and 21CRS1028. [Doc. 1 at 4]. Claims of false arrest and false imprisonment are considered under a Fourth Amendment analysis. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007) ("[f]alse arrest and false imprisonment overlap; the former is a species of the latter"). To state such a claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and the criminal proceedings terminated in plaintiff's favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). The favorable termination element is satisfied when the "criminal case against the plaintiff has been disposed of in a way that indicates the plaintiff's innocence."[4] Salley v. Myers, 971 F.3d 308, 313 (4th Cir. 2020) (quoting Snider v. Seung Lee, 584 F.3d 193, 202 (4th Cir. 2009) (Stamp, J., concurring)). Here, a review of Cherokee County Superior Court records reveals that all of the foregoing cases were resolved on January 3, 2022 pursuant to a plea agreement wherein the Plaintiff pleaded guilty in

---

[4] On October 12, 2021, the Supreme Court heard oral arguments in a case addressing the current circuit split regarding whether "favorable termination" means a showing that the criminal process has "formally ended in a manner not inconsistent with his innocence," or that the proceeding "ended in a manner that affirmatively indicates his innocence." See Thompson v. Clark, 141 S.Ct. 1682 (2021).

Case No. 21CRS1025 and was sentenced to between 11 and 23 months' imprisonment, and the other cases were dismissed. The Plaintiff fails to explain how this outcome could be viewed as a favorable termination.[5] See White v. Brown, 408 F. App'x 595 (3d Cir. 2010) (plaintiff's guilty plea to one charge in exchange for the government's dismissal of the remaining charges was not a favorable termination); Restatement (Second) of Torts § 660 (1977) ("A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if (a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused…"). These claims are barred until the Plaintiff can allege and prove that the criminal proceedings have terminated in his favor. See Heck v. Humphrey, 512 U.S. 477 (1994) (barring damages where success on a § 1983 claim would necessarily imply the invalidity of a conviction or sentence; the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated). Accordingly, the Plaintiff's claims of false arrest and false imprisonment are dismissed without prejudice.

---

[5] The Plaintiff filed the Complaint before the Cherokee County cases were resolved. He will have the opportunity to amend and address the favorable termination requirement.

The Plaintiff further claims that the bonds in the foregoing cases are duplicative of the bonds in Case Nos. 20CR050914, 20CR050916, 20CR050917, and 20CR050918, and that the bond amounts in those cases and in Case No. 20CRS050848 are "unobtainable," which amounts to prosecutorial misconduct and vindictive prosecution. [Doc. 1 at 4]. He asks the Court to alter his bonds or dismiss the criminal charges, and award him damages. The Plaintiff has not named as a defendant any individual who set his bonds or commenced the prosecutions.[6] Moreover, the injunctive relief he seeks is outside the purview of this § 1983 action.[7] See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when a state prisoner seeks immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus); United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial petitions for writ of habeas corpus are properly brought under 28 U.S.C. § 2241). To the extent that the Plaintiff seeks

---

[6] Naming a prosecutor and/or judge as a defendant would require the Plaintiff to overcome prosecutorial and/or judicial immunity. See generally Mireles v. Waco, 502 U.S. 9 (1991) (discussing judicial immunity); Imbler v. Pachtman, 424 U.S. 409 (1976) (discussing prosecutorial immunity).

[7] The Plaintiff's claims for injunctive relief regarding the bonds also appear to be moot, as the criminal cases have been resolved and he is no longer incarcerated. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (prisoner's release from the maximum security unit mooted his challenge to that unit's policy).

damages, these claims as pleaded would appear to be barred by Heck. Accordingly, the Plaintiff's claims challenging his bonds are dismissed.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Complaint is dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Heck does not apply and to otherwise properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.
2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk is respectfully instructed to mail Plaintiff a blank § 1983 form.

**IT IS SO ORDERED**.

Signed: February 28, 2022

Martin Reidinger
Chief United States District Judge